UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES            ) | |
|                          ) | |
| v.                       ) | Crim. No. 19-10245-ADB |
|                          ) | |
| BROOKE COTELL            ) | |

DEFENDANT'S ASSENTED-TO MOTION FOR RELEASE
PENDING PLEA AND SENTENCING

The Defendant, Brooke Cotell, with the ASSENT of the government, hereby moves this Court for a bail hearing and Order granting her pretrial release from MCI-Framingham. The Defendant asserts that release is appropriate for the following reasons: (1) There are conditions of release that will assure Brooke Cotell's appearance and the safety of the community; (2) Brooke Cotell has served a substantial portion of her anticipated sentence in this matter; (3) If Brooke Cotell continues to be detained, she may serve a period of incarceration beyond her ultimate sentence; (4) Due to the heightened risks of COVID-19 infections among prison populations, Brooke Cotell is an appropriate candidate for release for the purpose of reducing her risk to the virus and reducing the risk to the prison population at MCI-Framingham and the community; and (5) Releasing Brooke Cotell will permit her to assist her father in caring for her three year old son.

**I.     The Circumstances of Brooke Cotell's Case Support Release**

Brooke Cotell has been detained since her arrest and appearance before this Court on May 20, 2019. Dkt. No. 11. On June 10, 2019, Cotell stipulated to probable cause and a voluntary order of detention without prejudice. Dkt. No. 33. This is Brooke Cotell's first request for a detention/release hearing.

Brooke Cotell is charged with a single count of conspiracy to possess with the intent to distribute heroin. Superseding Indictment, Dkt. No. 124. Cotell's role in the charged conspiracy was limited to a single purchase of 11 grams of heroin from the alleged leader of the charged conspiracy, Edwin Otero. *See* Complaint Affidavit, Dkt. No. 3, pp. 5-7. Cotell has entered into a plea agreement with the government that contemplates a total offense level of 11 and sentencing range of 18-24 months. Brooke Cotell also faces sentencing for a violation of probation in a prior federal case.

In light of anticipated delays in this case due to the current COVID-19 mitigation measures implemented in the District of Massachusetts, the parties believe that Cotell's continued detention could result in Cotell serving a longer period of incarceration than her anticipated sentence. On this basis alone, it is appropriate for this Court to consider Cotell's release on conditions that require Cotell to reside with her father and her young son at her father's house in Hyannis. Cotell's father, who is a responsible and law-abiding man, has agreed to serve as a third-party custodian and report any violations of his daughter's release conditions to this Court. The Defendant submits that these conditions will reasonable assure the appearance of the Defendant and the safety of the community, and therefore satisfy 18 U.S.C. §3142(c).

**II.     COVID-19 Risks Provide an Additional Basis for Pretrial Release**

This Court is familiar with the arguments supporting the release of prisoners during the COVID-19 pandemic based upon the heightened risk of infections within jails and the inability of prisoners to apply proper mitigation measures, as those arguments have been well developed in previous filings submitted to this Court in support of motions for release. *See, e.g.*, *United States v, Ysrael Nunez*, 19-10316-LTS (defendant with no underlying

medical conditions held at Wyatt, charged with selling in excess of 400 grams of fentanyl and facing a 10-year minimum mandatory sentence, arguing that the risk to inmates was severe and prisoners are unable to properly mitigate against the risks).  *Nunez*, Dkt. Nos. 72, p. 2 and 74, p. 4.  As this Court did in *Nunez*, other judges in this district have released defendants with no underlying medical conditions and over the objection of the government based upon the risks of COVID-19 infection within jails even before any prisoners tested positive for the virus.  *See, e.g., United States v. Greenan*, No. 19-10327-ADB, Dkt. No. 44 (D. Mass. April 14, 2020) (releasing defendant with no underlying medical conditions from Wyatt Detention Facility over government objection before any confirmed cases of COVID-19).  As these cases highlight, the release of certain prisoners on the basis of the increased risk of exposure for inmates is warranted even before the COVID-19 virus has been detected within a jail, because it is only a matter of time before the virus is introduced and spreads rapidly within a facility.  In this matter, the virus has already been detected within MCI-Framingham and has now spread to twenty-six prisoners and seven staff as of April 15, 2020.  [https://www.wbur.org/news/2020/04/15/jails-prisons-latest-coronavirus-cases-mtc](https://www.wbur.org/news/2020/04/15/jails-prisons-latest-coronavirus-cases-mtc).  On the basis of Brooke Cotell's heightened risk of infection while incarcerated at MCI-Framingham, release under the emergency situation presented by this pandemic is warranted.

      Beyond releasing individual prisoners on the basis of their specific, heightened risk to exposure, public health experts have also recommended that prisons take steps to reduce the overall jail population for the purpose of limiting the spread of the virus both within facilities and across communities.  According to Dr. Chris Beyrer, MD MPH, a professor of epidemiology at Johns Hopkins Bloomberg School of Public Health, it is "an urgent

priority in this time of national public health emergency to reduce the number of persons in detention as quickly as possible." Affidavit of Dr. Chris Beyrer, Exhibit 1, ¶17.  According to Dr. Jaimie Meyer, an Assistant Professor of Medicine at Yale School of Medicine and expert in infectious disease in the context of jails and prisons, "[r]educing the size of the population in jails and prisons can be crucially important to reducing the level of risk both for those within those facilities and for the community at large." Affidavit of Dr. Jaimie Meyer, Exhibit 2, ¶23.  As to Massachusetts specifically, the Supreme Judicial Court recently ordered that, for the purpose of decreasing exposure to COVID-19 within correctional institutions, all Massachusetts pretrial detainees who have not been charged with certain violent and sex offenses or drug offenses involving over 200 grams of cocaine or heroin (which carry 15-year minimum mandatory sentences) are entitled to a rebuttable presumption of release.  *CPCS v. Chief Judge of the Trial Court*, Massachusetts Supreme Judicial Court, No. 12926, slip op. at 6 (April 3, 2020).

The decision of the SJC in CPCS and the opinions of the public health experts quoted above provide further support for Brooke Cotell's release, because she falls within a class of pretrial detainees (i.e., charged with non-violent offenses and not facing substantial prison sentences) whose release will help to reduce the level of risk both for those within prisons and for the community at large.

For the above stated reasons, the Defendant is an appropriate candidate for release during the pendency of her case.

### III. Conditions of Release

In addition to the standard conditions of release, the Defendant asserts that the following conditions will protect the public and reasonable assure the appearance of Brooke Cotell at future proceedings in this case:

(1)   Remain in the custody of her father, Michael McCollem;

(2)   Reside at her father's residence at 414 Oakland Rd., Hyannis, MA;

(3)   Only leave the residence between the hours of 9:00 a.m. and 5:00 p.m.;

(4)   Report regularly, as directed, to probation by telephone; and

(5)   Have no contact, either in person or by telephone, with any co-defendant.

### CONCLUSION

Based upon the above, Brooke Cotell respectfully requests that (1) a hearing be held as soon as practicable; (2) the parties be permitted to appear by telephone; (3) the Defendant's appearance be waived based upon a representation by undersigned counsel that the Defendant has made a valid waiver of her appearance; and (4) she be released on conditions pending plea and sentencing.

The government, by and through Assistant U.S. Attorneys Chris Pohl and Lauren Graber, has assented to this request.

/s/ William H. Connolly
William H. Connolly
BBO # 634501
20 Park Plaza, Suite 1000
Boston, MA 02116
617-542-0200

Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on April 21, 2020.

/s/ William H. Connolly

6